**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 14-cv-00653-RM

GERI L. CONNORS

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,

    Defendant.

---

# ORDER

---

    Plaintiff Geri Connors' (Plaintiff) post-judgment motion, seeks an order on her opposed Motion to Remand. (ECF. No.31). Plaintiff moved to remand her case pursuant to 42 U.S.C. §405(g), to allow the Commissioner to consider recently obtained new evidence regarding her allegedly disabling condition. (ECF Nos. 25). Defendant Commissioner opposes Plaintiff's Motion arguing that there is no legal basis to supplement the administrative record with evidence that was not considered by the agency. (ECF No.27).

    This case has a protracted procedural history. In summary, an Administrative Law Judge (ALJ), after a hearing in which Plaintiff appeared, was represented and testified, denied her application for benefits finding her not disabled through September 30, 2009. (ECF No. 7-3, pp.79-86). Plaintiff requested review of the ALJ's decision and the Appeals Council in an

opinion dated January 18, 2012, remanded the matter to the ALJ with specific instructions. (ECF No. 7-3, pp.92-94). The Council also directed the ALJ to *inter alia* give further consideration to Plaintiff's maximum RFC during the entire period at issue and provide rationale with specific references to the record and to consider whether Plaintiff was capable of performing her past relevant work; obtaining (if warranted) supplemental evidence from a vocational expert (VE) to clarify the effect of those limitations on Plaintiff's occupational base. (ECF No. 7-3, p.93).

Subsequently at the May 2, 2012, hearing, Plaintiff appeared, was represented by counsel and testified. (ECF 7-2, p.46). A Vocational Expert (VE) also appeared and testified. (ECF No. 7-2, p.46). The ALJ again denied plaintiff's application finding her allegations of pain that limited her ability to work lacked credibility to the extent they differed from his residual functional capacity (RFC) findings and Dr. Dunn's medical records. (ECF No. 7-2, p.24).

Plaintiff timely sought review by this Court. (ECF No.1). After careful consideration of the record, this Court found the ALJ's decision was supported by substantial evidence in the record, free from harmful error, supported by the correct legal standards, and on March 29, 2016, issued an order affirming the ALJ's decision. (ECF No. 28).

Courts are limited when reviewing the Commissioner's final decision. The court may only determine whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *Grogan v. Barnhart, 399 F.3d 1257, 1261-62 (10th Cir. 2005)*. The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner even if the Court might reach a different conclusion. *Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994)*.

As noted in this Court's previous order, the crux of Plaintiff's Complaint was that the ALJ made a faulty credibility determination with respect to plaintiff's allegations of pain and its

limiting effects on her ability to work. (ECF No. 28, p.26). While the ALJ found severe medical impairments which would produce pain, he found Plaintiff's interpretation of the intensity, persistence and limiting effects of her pain not credible and determined that she was capable of light work with certain limitations. (ECF No. 7-2, pp.23-26).

Credibility determinations are peculiarly the province of the finder of fact, and the Court will not upset such determinations when they supported by and linked to substantial evidence and not just a conclusion in the guise of findings. *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 744, 777 (10th Cir. 1990)(citing *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988)). In this instance, the ALJ adequately linked the medical evidence and his credibility determination. (ECF No. 28, p.27, citing ECF No. 7-2, pp.24-27).

The Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. §405(g)

In this instance, Plaintiff has submitted additional recent medical evidence in support of her motion for remand. (ECF No. 26-1 through 26-5). Given that these records detail 2015 medical treatment and surgery, the Court understands that this evidence was not available to her three years ago. However, these 2015 medical records significantly post-date the relevant time frame and are irrelevant to the ALJ's 2009 and 2012 credibility determinations rendered for that period (from April 11, 2007 through June 30, 2010). They therefore do not support her motion for remand.

## IV      CONCLUSION

For the reasons detailed above, the Plaintiff's Opposed Motion for Remand (ECF No. 25) is DENIED.  Her Post-Judgment Motion to Enter Motion for an Order on her Opposed Motion to Remand (ECF No. 31) is therefore DENIED as MOOT

IT IS SO ORDERED

DATED this 19th day of April, 2016.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge